Ahren A. Tiller Esq. [SBN: 250608]
BLC Law Center, APC
1230 Columbia St., Ste 1100
San Diego, CA 92101
Phone (619) 894-8831
Facsimile: (866) 444-7026
Email: Ahren.Tiller@blc-sd.com

Attorneys for Plaintiff
JORDAN MOI

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORDAN MOI,<br><br>            Plaintiff,<br><br>vs.<br><br>AMERICAN EXPRESS NATIONAL BANK,<br><br>            Defendant, | Case No.: '22CV0630 AJB DEB<br><br>**COMPLAINT FOR DAMAGES FOR (1) VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT (CAL. CIV. CODE §§ 1788-1778.32); AND (2) VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT (47 U.S.C. §227)**<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT FOR DAMAGES

### INTRODUCTION

1. JORDAN MOI (hereinafter referred to as "Plaintiff"), by and through his Counsel of record, brings this action against AMERICAN EXPRESS NATIONAL BANK (hereinafter referred to as "AMEX" or "Defendant"), pertaining to actions by Defendant to unlawfully collect a debt allegedly owed by Plaintiff, including but not limited to, collection via the use of an Automated Telephone Dialing System ("ATDS") and/or Artificial and/or Prerecorded Voice in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq., ("TCPA"), and the

Rosenthal Fair Debt Collection Practices Act ("RFDCPA" [Cal. Civ. C. §§ 1788-1788.32]), thereby invading Plaintiff's privacy, and causing Plaintiff damages.

2. The California legislature determined that unfair or deceptive collection practices undermine the public confidence which is essential to the continued functioning of the banking and credit system. The legislature further determined there is a need to ensure that debt collectors and debtors exercise their responsibilities to one another with fairness, honesty, and due regard for the rights of others. The legislature's explicit purpose of enacting the Rosenthal Fair Debt Collection Practices Act of California (hereinafter "RFDCPA") was to prohibit debt collectors from engaging in unfair or deceptive acts or practices in the collection of consumer debts and to require debtors to act fairly in entering into and honoring such debts.[1] Cal. Civ. Code § 1877.17 incorporates the FDCPA into the RFDCPA, by stating that every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of the Federal Fair Debt Collection Practices Act, sections 1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code.

3. The Telephone Consumer Protections Act (hereinafter referred to as "the TCPA") was designed to prevent calls like the ones described within this complaint, and to protect the privacy of citizens like Plaintiff. "Voluminous consumer complaints about abuses of telephone technology – for example, computerized calls dispatched to private homes – prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs.*, LLC, 132 S. Ct. 740, 744 (2012).

4. In enacting the TCPA, Congress specifically found that "the evidence presented to Congress indicates that automated or prerecorded calls are a nuisance and an invasion of privacy, regardless of the type of call . . ." *Id.* at §§ 12-13. See also, *Mims,* 132 S. Ct., at 744.

---

[1] CA Civil Code §§ 1788.1(a)-(b)

- 2 -

*JORDAN MOI vs. AMERICAN EXPRESS - Complaint for Damages*

5. As Judge Easterbrook of the Seventh Circuit explained in a TCPA case regarding calls similar to this one:

> The Telephone Consumer Protection Act … is well known for its provisions limiting junk-fax transmissions. A less-litigated part of the Act curtails the use of automated dialers and prerecorded messages to cell phones, whose subscribers often are billed by the minute as soon as the call is answered—and routing a call to voicemail counts as answering the call. An automated call to a landline phone can be an annoyance; an automated call to a cell phone adds expense to annoyance.
>
> *Soppet v. Enhanced Recovery Co., LLC,* 679 F.3d 637, 638 (7th Cir. 2012)

6. Plaintiff makes the allegations contained herein on information and belief, except as to those allegations regarding himself, which are made and based upon personal knowledge.

## JURISDICTION AND VENUE

7. This action is based on Defendant's violations of the RFDCPA found in California Civil Code §§ 1788 - 1788.32; and the TCPA found in Title 47 of the United States Code Section 227, *et seq.*.

8. This Court has jurisdiction over Defendant, pursuant to 28 U.S.C. § 1331, as the unlawful practices alleged herein involve a federal question under the TCPA.

9. The unlawful practices alleged herein occurred in California, in the County of San Diego and violated California's Civil Code §§ 1788 - 1788.32.

10. This Court further has supplemental jurisdiction over Plaintiff's California Causes of action, pursuant to 28 U.S.C. § 1367(a), as Plaintiff's California state law claims are so related to Plaintiff's Federal TCPA claims in this action, that they form part of the same case or controversy.

11. Venue is proper in this Court, pursuant to 28 U.S.C. § 1391(b)(1)-(2), because all or some of the unlawful practices and violations of law alleged herein occurred

and are occurring in the County of San Diego, California.  Furthermore, Defendant regularly conducts business within State of California, County of San Diego, and Plaintiff resides in San Diego County, California.

## PARTIES

12. Plaintiff is, and was at all times mentioned herein, a natural person residing in the County of San Diego, in the State of California.
13. Plaintiff is a natural person from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff, and therefore Plaintiff is a "debtor" as that term is describe by Cal Civ. Code §1788.2(h).
14. On information and belief, Defendant AMEX is a National Banking Association. Defendant AMEX operates as a bank, which provides products and services including credit cards, loans, charge cards, savings accounts, among other financial products. Defendant AMEX serves customers worldwide, throughout the State of California, including this District.  Defendant AMEX regularly conducts business in this District, including via online banking accessibility. Defendant's corporate headquarters is in New York, NY.
15. Defendant AMEX regularly attempts to collect through the use of the mail, electronic communications, and the telephone, "consumer debts" allegedly owed to it, as that term is defined by Cal. Civ. Code §1788.2(f).
16. When individuals owe Defendant AMEX debts for regular monthly payments on consumer loans and credit cards, and other similar obligations, Defendant AMEX collects on those consumer debts owed to it through the mail, electronic communication, and telephone.  Therefore, Defendant AMEX is a "debt collector" as that term is defined by Cal. Civ. Code §1788.2(c), and engages in "debt collection" as that term is defined by Cal. Civ. Code §1788.2(b).
17. Defendant is, and all times mentioned herein, was a corporation and therefore a

- 4 -

JORDAN MOI vs. AMERICAN EXPRESS - Complaint for Damages

"person" as that term is defined by 47 U.S.C. § 153(39).

18. When individuals owe AMEX debts for regular monthly payments on consumer loans and credit cards, and other similar obligations, AMEX collects on those consumer debts owed to them through the use of the mail, electronic communications, and the telephone.  Therefore, AMEXis a "debt collector" as that term is defined by Cal. Civ. Code §1788.2(c), and engages in "debt collection" as that term is defined by Cal. Civ. Code §1788.2(b).

19. Cal. Civ. Code § 1877.17 states that every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of the Federal Fair Debt Collection Practices Act, sections 1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code.

20. At all times relevant hereto, Defendant used, controlled and or operated an "automatic telephone dialing system" ("ATDS") as that term is defined by 47 U.S.C. § 227(a)(1) and/or placed calls to Plaintiff's cellular telephone using an automated and/or prerecorded voice ("Recorded Voice") as that term is defined in 47 U.S.C. § 227(b)(1)(A).

21. Defendant is, and all times mentioned herein was a corporation and therefore a "person" as that term is defined by 47 U.S.C. § 153(39).

22. This case involves money, property, or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a "consumer credit transaction."  Thus, this action arises out of a "consumer debt" and "consumer credit" as those terms are defined by Cal. Civ. Code §1788.2(f).

**GENERAL ALLEGATIONS**

23. Plaintiff realleges and incorporates by reference all preceding paragraphs, inclusive, as if fully set forth herein.

24. Prior to 2019, Plaintiff was issued a consumer Credit Card by Defendant AMEX ("AMEX Card").  The AMEX Card was issued, serviced, and collected upon by

- 5 -

JORDAN MOI vs. AMERICAN EXPRESS - Complaint for Damages

Defendant AMEX.

25. Plaintiff made payments toward the AMEX Card when he took it out, and maintained good standing until approximately October 2021, when unfortunately, Plaintiff fell on financial hardship and was unable to maintain the regular monthly payments.

26. Upon going into default on the AMEX Card account, agents for AMEX called Plaintiff multiple times and requested payment using an ATDS and/or a Recorded Voice, often 1-2 times per day, almost every single day.

27. The collection calls were made to Plaintiff's cellular telephone.

28. Plaintiff sought out and retained an attorney to represent him with regards to the AMEX Card debt.

29. On January 28, 2022, an associate attorney at BLC Law Center, APC drafted and mailed a Cease-and-Desist letter, whereby Plaintiff's Attorney stated in writing that Plaintiff was revoking consent to call him via the use of an ATDS and/or Recorded Voice, that Plaintiff had retained Counsel, and that AMEX needed to cease calling Plaintiff pursuant to the RFDCPA ("C&D Letter").  Said Letter referenced the last four digits of Plaintiff's social security number next to his name to help AMEX identify the Plaintiff's account.

30. The C&D Letter clearly informed AMEX that Plaintiff was represented by Counsel, thus said Letter constituted written notice pursuant to Cal. Civ. Code § 1788.14(c) that Plaintiff was represented by an attorney with respect to any debt allegedly owed to or serviced by Defendant, and request was thereby made that all communications regarding this alleged consumer debt must be directed exclusively to Plaintiff's attorney, and the C&D Letter explicitly revoked any prior consent to contact Plaintiff via the use of an automated dialing system phone, text, or other method, including but not limited to calls with a pre-recorded voice and/or automated voice messages.

31. Despite Defendant receiving receipt of the January 28, 2022 C&D Letter,

Defendant continued to willfully call Plaintiff's cellular telephone and request payments through the use of an ATDS and/or a Recorded Voice, often 1-2 times per day, almost every single day.

32. However, despite receipt of the January 28, 2022 C&D Letter, representatives of AMEX have continued to call Plaintiff in excess of one-hundred (100) times since January 28, 2022, on his cellular telephone via the use of and ATDS and/or Pre-Recorded Voice message.

33. Defendant has called Plaintiff over one-hundred (100) times in total, after receipt in writing of notice that Plaintiff revoked any prior consent to call Plaintiff via the use of an ATDS and/or Recorded Voice, had retained Counsel for any debts owed to AMEX, and after providing an explicit warning that all direct contact with Plaintiff should cease pursuant to the RFDCPA.

34. Despite having received Plaintiff's January 28, 2022 C&D Letter sent to Defendant's address for correspondences, AMEX continues to call Plaintiff to date, often multiple times per day in rapid succession, which is indicative of a computerized ATDS.

35. AMEX, or its agents or representatives, have contacted Plaintiff on his cellular telephone over one-hundred (100) times since January 28, 2022, including through the use of an ATDS and/or Recorded voice as those terms are defined in 47 U.S.C. § 227(a)(1) and/or 47 U.S.C. § 227(b)(1)(A).

36. Many of the Defendant's calls to Plaintiff after receiving the letter contained an "artificial or prerecorded voice" as prohibited by 47 U.S.C. § 227(b)(1)(A).

37. The multiple calls made by Defendant or its agents after January 28, 2022, were therefore made in violation of 47 U.S.C. § 227(b)(1).

38. Despite receipt of Plaintiff's Attorney's C&D Letter sent to Defendant's mailing address which explicitly stated that Defendant must cease all direct contact with Plaintiff, including via her cellular telephone, and via the use of an ATDS and/or Recorded Voice, all of which provided irrefutable notice that Plaintiff had

revoked consent to call his cellular telephone by any means and that he had retained Counsel regarding these alleged debts, Defendant AMEX continues to contact Plaintiff repeatedly to date.

## CAUSES OF ACTION

### I.

### FIRST CAUSE OF ACTION

**Violations of California Rosenthal Fair Debt Collection Practices Act**

**(California Civil Code § 1788.14(c))**

39. Plaintiff realleges and incorporates by reference all preceding paragraphs, inclusive, as if fully set forth herein.

40. When Plaintiff's Counsel sent the January 28, 2022 cease-and-desist letter to AMEX, Defendant AMEX was aware, or reasonably should have been aware, that Plaintiff was represented by an attorney.

41. Cal. Civ. Code §1788.14(c) provides in relevant part,

> No debt collector shall collect or attempt to collect a consumer debt by means of the following practices:
>
> (c) Initiating communications, other than statements of account, with the debtor with regard to the consumer debt, when the debt collector has been previously notified in writing by the debtor's attorney that the debtor is represented by such attorney with respect to the consumer debt and such notice includes the attorney's name and address and a request by such attorney that all communications regarding the consumer debt be addressed to such attorney, unless the attorney fails to answer correspondence, return telephone calls, or discuss the obligation in question. This subdivision shall not apply where prior approval has been obtained from the debtor's attorney, or where the communication is a response in the ordinary course of business to a debtor's inquiry.

42. By calling Plaintiff on his cellular phone over one-hundred (100) times after receipt of the January 28, 2022 Letter from Plaintiff's Counsel, AMEX violated Cal. Civ. Code §1788.14(c).

43. As a result of the constant collection calls by AMEX, Plaintiff has experienced anxiety, irritability, and has at times been unable to calm down as the constant

- 8 -

JORDAN MOI vs. AMERICAN EXPRESS - Complaint for Damages

and harassing collection calls by AMEX are overwhelming.  Therefore, Plaintiff has suffered actual damages as a result of Defendant's violations of Cal. Civ. Code §1788.14(c).

44. Further, as stated previous, Cal. Civ. C. § 1788.17 incorporates the FDCPA into the Rosenthal Fair Debt Collection Practices Act, therefore if an individual violated 15 U.S.C. § 1692(d), they in turn violate the RFDCPA.

45. 15 U.S.C. § 1692d(5) provides in pertinent part,

> A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> (5)Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number

46. Therefore, Defendant's acts of calling Plaintiff over one-hundred (100) times in an approximate four month time period was a separate violation of 15 U.S.C. § 1692d(5), which is incoporated into the RFDCPA via Cal. Civ. C. § 1788.17.

## II.
## SECOND CAUSE OF ACTION
### Negligent Violations of the TCPA
**(47 U.S.C. § 227 *et. seq.*)**

47. Plaintiff realleges and incorporates by reference all preceding paragraphs, inclusive, as if fully set forth herein.

48. Through the January 28, 2022 C&D Letter sent by Plaintiff's Counsel Plaintiff revoked any alleged consent for AMEX or its agents or representatives to call Plaintiff on his cellular telephone via the use of an ATDS and/or Recorded Voice.

49. The foregoing acts and omissions of AMEX constitutes numerous and multiple

- 9 -

JORDAN MOI vs. AMERICAN EXPRESS - Complaint for Damages

negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227, *et. seq.*

50. As a result of AMEX's negligent violations of 47 U.S.C. §227, *et. seq.*, Plaintiff is entitled to an award of $500 in statutory damages, for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B).

51. Plaintiff is also entitled to and seeks injunctive relief prohibiting such conduct in the future pursuant to 47 U.S.C. § 227(b)(3)(A).

## III.
## THIRD CAUSE OF ACTION
## Knowing and/or Willful Violations of the TCPA
## (47 U.S.C. § 227 *et. seq.*)

52. Plaintiff realleges and incorporates by reference all preceding paragraphs, inclusive, as if fully set forth herein.

53. Through the January 28, 2022 C&D Letter sent by Plaintiff's Counsel to Defendant AMEX, Plaintiff revoked any alleged consent for AMEX or its agents or representatives to call Plaintiff on his cellular telephone via the use of an ATDS and/or Recorded Voice.

54. The foregoing acts of the AMEX constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227, *et. seq.*

55. Therefore, since AMEX or its agents or representatives continued to call Plaintiff despite indisputably being informed not to call Plaintiff on multiple occasions through multiple different means, and that Plaintiff had revoked any alleged prior consent to call Plaintiff's cellular telephone via the use of an ATDS and/or Recorded Voice, AMEX's acts were willful.

56. As a result of AMEX's knowing and/or willful violations of TCPA the Plaintiff is entitled to an award of $1,500 in statutory damages for each and every one of Amex's over one-hundred (100) knowing and/or willful violations of the TCPA

pursuant to 47 U.S.C. § 227(b)(3)(C).

57. Plaintiff is also entitled to and seeks injunctive relief prohibiting such conduct in the future, pursuant to 47 U.S.C. § 227(b)(3)(A).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff having set forth the claims for relief against Defendant AMEX herein, respectfully request this Court enter a Judgment against Defendant AMEX as follows:

a. As to the First Cause of Action, an award of actual damages pursuant to Cal. Civ. Code §1788.30(a) according to proof;

b. As to the First Cause of Action, an award of statutory damages of $1,000.00 pursuant to Cal. Civ. Code §1788.30(b);

c. As to the First Cause of Action, an award of reasonable attorney's fees and costs pursuant to Cal. Civ. Code §1788.30(c);

d. As to the Second Cause of Action, $500 in statutory damages for each and every one of Defendant's negligent violations of 47 U.S.C. §227(b)(1), pursuant to 47 U.S.C. § 227(b)(3)(B);

e. As to the Second Cause of Action, injunctive relief prohibiting such conduct in the future pursuant to 47 U.S.C. § 227(b)(3)(A);

f. As to the Third Cause of Action, $1,500.00 in statutory damages for each and every one of Defendant's over one-hundred (100) knowing and/or willful violations of 47 U.S.C. § 227(b)(1), pursuant to 47 U.S.C. § 227(b)(3)(C); and

g. For such other and further relief as the Court may deem just and proper.

Dated: May 4, 2022                By:   BLC Law Center, APC

*s/ Ahren A. Tiller*
Ahren A. Tiller, Esq.
ahren.tiller@blc-sd.com

Attorney for Plaintiff
JORDAN MOI

## DEMAND FOR JURY TRIAL

Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands a trial by jury on all issues triable by a jury.

Dated: May 4, 2022                    By:    BLC Law Center, APC

*s/ Ahren A. Tiller*
Ahren A. Tiller, Esq.
ahren.tiller@blc-sd.com

Attorney for Plaintiff
JORDAN MOI